UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE EDWARD LATIMER,

    Petitioner,

v.

SHERRY BURT,

    Respondent,
_____/

Civil No. 2:13-CV-10656
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Eugene Edward Latimer, ("Petitioner"), presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his convictions for carjacking, M.C.L.A. 750.529a; and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner was originally charged with armed robbery, carjacking, and being a fourth felony habitual offender for an offense that took place in Independence Township, Michigan on September 1, 2007.

On June 3, 2008, petitioner appeared before the Oakland County Circuit Court to enter a guilty plea. Petitioner's trial counsel indicated that petitioner would plead guilty to the carjacking charge and to being a fourth felony habitual offender, in

exchange for the Oakland County Prosecuting Attorney's agreement to dismiss the armed robbery charge. Defense counsel indicated that he and the assistant prosecuting attorney had reviewed petitioner's sentencing guidelines range and had scored them at either 120 to 420 months or 135 to 450 months. Defense counsel asked the judge to consider a *Cobbs* agreement, in which the judge would agree to sentence petitioner to the lowest end of the sentencing guidelines. [1] Defense counsel further indicated that petitioner was "going to get at least ten years or 11 years on this sentence no matter what happens." (Tr. 6/3/08, pp. 3-4). The assistant prosecutor indicated that she had no objection to the trial judge agreeing to a sentence at "the low end of the sentencing guidelines as computed by the Probation Department" although she further believed that the sentence should be no less than 11 ½ years. (*Id.* at p. 4). The judge indicated that she would give petitioner a *Cobbs* agreement "to the bottom of the guidelines." (*Id.,* p. 4). The Court then advised petitioner of the penalties for the charge that he was pleading guilty to and the rights that he would be waiving by pleading guilty. (*Id.,* pp. 5-9). During the plea colloquy, the judge asked the parties if there was a plea bargain. Defense counsel replied "No," even though he had previously indicated that the assistant prosecutor had agreed to dismiss the armed robbery charge. (*Id.* at p. 6). The judge proceeded to advise petitioner that pursuant to *People v. Cobbs,* she would

---

[1] In *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), the Michigan Supreme Court authorized a judge to preliminarily indicate the appropriate length of sentence, but if the defendant subsequently pleads guilty and the judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. See M.C.R. 6.310(B)(2)(b); *Wright v. Lafler*, 247 F. Appx 701, 703, n.1 (6th Cir. 2007).

sentence petitioner to the bottom of the sentencing guidelines, "whatever your guidelines are scored at the time of sentencing." (*Id.,* p. 6). On the record, the parties indicated that they were aware of no other promises, other than those placed on the record, that had been used to induce petitioner to plead guilty. (*Id.,* p. 10).

Petitioner appeared for sentencing on June 24, 2008. Petitioner's counsel indicated that the bottom of petitioner's sentencing guidelines had been scored at 171 months. (Tr. 6/24/08, p. 3). [2] The judge sentenced petitioner to one hundred and seventy one months to sixty years in prison. (*Id.,* p. 6).

Petitioner's appellate counsel filed a motion to correct the sentence, contending that Offense Variable (OV) 10 of the Michigan Sentencing Guidelines had been incorrectly scored at fifteen points for predatory misconduct. The judge denied the motion. (Tr. 1/4/09, p. 8).

Petitioner's conviction and sentence were affirmed on appeal. *People v. Latimer,* No. 290209 (Mich.Ct.App. March 19, 2009); *lv. den.* 484 Mich. 872, 769 N.W. 2d 694 (2009).

Petitioner then filed a post-conviction motion for relief from judgment, which was denied. *People v. Latimer*, No. 08-219587 (Oakland County Circuit Court, May 14, 2010). The Michigan appellate courts denied petitioner leave to appeal. *People v. Latimer*, No. 301780 (Mich.Ct.App. September 13, 2011); *lv. den.* 491 Mich. 941, 815 N.W. 2d 478 (2012).

---

[2] Petitioner's sentencing guidelines range was scored at 171 to 450 months.

Petitioner seeks habeas relief on the following grounds:

I. PURSUANT TO MICHIGAN SUPREME COURT DECISION IN *PEOPLE V CANNON*, 481 MICH 152 (2008), THE CIRCUIT COURT ERRED BY SCORING 15 POINTS UNDER OV-10, AND ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO CORRECT SENTENCE.

II. THE PROSECUTOR VIOLATED THE *COBBS* AGREEMENT BY NOT INFORMING THE DEFENDANT THE ORIGINAL GUIDELINES CHANGED; AND THE COURT DID NOT ALLOW DEFENDANT THE OPPORTUNITY TO WITHDRAW HIS PLEA; AND TRIAL COUNSEL WAS INEFFECTIVE FOR NOT ADDRESSING THIS.

III. DEFENDANT'S APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO ADDRESS OBVIOUS AND SIGNIFICANT ISSUES ON DIRECT APPEAL THAT ARE BEING RAISED WITHIN THIS MOTION.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on

4

a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state

5

court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

In the present case, the Michigan Court of Appeals on petitioner's direct appeal denied petitioner's application for leave to appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington*, 131 S. Ct. at 784. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 784-85. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id.* at 785.

In the present case, the AEDPA deferential standard of review applies to petitioner's case where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently

denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. *See Werth v. Bell,* 692 F. 3d 486, 492-94 (6th Cir. 2012); *Hardaway v. Robinson*, 655 F.3d 445, 447, 449 n. 1 (6th Cir. 2011).

### III. Discussion

**A. Claim # 1. The sentencing guidelines claim.**

Petitioner first argues that OV 10 of the Michigan Sentencing Guidelines were incorrectly scored.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007); *Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *Whitfield v. Martin,* 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score would not merit habeas relief. *Id.* Petitioner's claim that the state trial court improperly departed above the correct sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of petitioner's federal due process rights. *Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000).

**B. Claims ## 2 and # 3.  The guilty plea/ineffective assistance of counsel claims.**

In his second claim, petitioner contends that he should have been permitted to withdraw his plea of guilty.  Petitioner claims that his plea was not knowingly and voluntarily made, because he believed that under the terms of the *Cobbs* agreement and the representations of the assistant prosecutor, he would receive no more than eleven and a half years in prison on the minium sentence.  Petitioner further contends that the plea agreement was breached when the judge sentenced him to a minimum of 171 months on the carjacking charge. Petitioner further claims that trial counsel was ineffective for failing to object to the breach of the plea agreement and for failing to object to the scoring of OV 10 of the Michigan Sentencing Guidelines, which raised petitioner's minium sentencing guidelines range upward from the guidelines ranges that had been calculated by both the assistant prosecuting attorney and defense counsel at the time of the plea hearing.

Respondent contends that petitioner's second claim is procedurally defaulted, because he raised it for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise his second claim on his direct appeal, as well as prejudice, as required by M.C.R. 6.508(D)(3).    Petitioner argues in his third claim that his appellate counsel was ineffective for failing to raise his second claim on his direct appeal.  Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  If petitioner could show that he received ineffective assistance of appellate counsel that rose to the

8

level of a Sixth Amendment violation, it would excuse his procedural default for failing to raise his claims on his direct appeal in the state courts. *Seymour v. Walker*, 224 F. 3d 542, 550 (6th Cir. 2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004). Additionally, petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette v. Howes,* 624 F. 3d 286, 291 (6th Cir. 2010).

Petitioner initially contends that he should be permitted to withdraw his guilty plea because he was led to believe that his minimum sentence would be no greater than eleven and a half years in prison.

Initially, the Court observes that petitioner has no absolute right to withdraw his guilty plea. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748, 655 (E.D. Mich. 2005)(internal citations omitted). Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. *Id.*

A plea of guilty must be knowingly and voluntarily made. The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which

he is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his guilty plea, as evidenced by the plea colloquy, is valid. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002).

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-509 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.* at 509 (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)). A federal court will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. *See Hastings,* 194 F. Supp. 2d at 669.

Petitioner contends that his plea was involuntary because he believed that the *Cobbs* agreement that he and his counsel entered into with the trial judge called for him to receive no greater than eleven and a half years in prison on the minimum sentence. Alternatively, petitioner contends that the judge breached the *Cobbs* agreement by sentencing him to a minimum sentence of one hundred and seventy one months in prison (14 years, 2 months).

An unfulfilled state promise obtained in return for a guilty plea will entitle a habeas petitioner to habeas relief. *Myers v. Straub,* 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001). Moreover, any promises made by a judge in the course of a guilty plea colloquy operate as a promise made by the state in exchange for a defendant's waiver of rights and guilty plea. *See Spencer v. Superintendent, Great Meadow Correctional Facility,* 219 F. 3d 162, 168 (2nd Cir. 2000). However, a federal court sitting in habeas review should not "lightly find misrepresentation in a plea agreement." *Myers,* 159 F. Supp. 2d at 627.

Petitioner is unable to show that either the judge or assistant prosecuting attorney misrepresented the terms of the plea agreement or misled him into believing the terms of the agreement to be other than what they were. The assistant prosecutor indicated that she had no objection to the trial judge agreeing to a sentence at "the low end of the sentencing guidelines as computed by the Probation Department" although she further believed that the sentence should be no less than 11 ½ years. (Tr. 6/3/08, p. 4). The judge indicated twice on the record that she would agree to sentence

11

petitioner to the bottom of the sentencing guidelines range. The second time that she placed the *Cobbs* agreement on the record, the judge indicated that she would sentence petitioner to the bottom of the sentencing guidelines, "whatever your guidelines are scored at the time of sentencing." (Tr. 6/3/08, p. 6). Although the assistant prosecuting attorney and defense counsel had mentioned their estimates as to the sentencing guidelines ranges on the record, there was no agreement from the judge or the assistant prosecuting attorney that petitioner would be sentenced within a specific sentencing guidelines range or that he should receive a specific minimum sentence.

Absent extraordinary circumstances, or some other explanation as to why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial court scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F. 2d 85, 90 (6th Cir. 1986); *Hastings v. Yukins,* 194 F. Supp. 2d at 669. Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to attempt to prove that a plea agreement is otherwise than it unambiguously appears on a thorough record. *Baker,* 781 F. 2d at 90. Plea agreements are to be strictly construed. *See United States v. Brummett,* 786 F. 2d 720, 723 (6th Cir. 1986). A term of a plea agreement "that is unambiguous on its face and agreed to by the defendant in open court will be enforced." *McAdoo v. Elo,* 365 F. 3d 487, 497 (6th Cir. 2004). Moreover, "[T]he United States Constitution does

not require judges to explain the meaning of ...unambiguous terms during the plea colloquy in order to combat alleged misinformation that is not revealed on the record." *Id.*

In the present case, the only agreement stated on the record by the judge was that she would sentence petitioner to the bottom of the sentencing guidelines as they were scored by the probation department. A "clear reading" of the plea agreement shows that there was no promise by the prosecutor or the trial judge that petitioner would receive a minimum sentence of no more than 11 ½ years in prison. The assistant prosecuting attorney, in fact, indicated that she had no objection to petitioner being sentenced to the low end of the sentencing guidelines "as computed by the Probation Department." Petitioner has therefore failed to show that the original terms of the plea agreement were breached by the prosecutor or the trial judge. *Myers,* 159 F. Supp. 2d at 628. Although the assistant prosecuting attorney and defense counsel on the record gave estimates as to what they believed the minimum sentencing guidelines range to be, in light of the fact that the judge explicitly advised petitioner that she would sentence him to the bottom of the sentencing guidelines as they were scored at the time of sentencing, petitioner is unable to show that the trial court breached the sentencing agreement entered into pursuant to *Cobbs* or that petitioner had any reasonable belief that he would be sentenced to eleven and a half years in prison. *See Wright v. Lafler,* 247 Fed. Appx. 701, 705-08 (6th Cir. 2007).

To the extent that petitioner claims that his trial counsel misled him regarding the terms of the plea agreement, a state court's proper plea colloquy will cure any misunderstandings that a petitioner may have had about the consequences of the plea. *Ramos v. Rogers*, 170 F. 3d 560, 565 (6th Cir. 1999). Thus, a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the terms of a plea agreement can never constitute an "extraordinary circumstance" under *Baker* when the court conducts a proper, clear, and through plea colloquy. *Id.; Hastings,* 194 F. Supp. 2d 670.

Finally, although petitioner claims that he understood the plea agreement to guarantee him a sentence of no more than eleven and a half years in prison, habeas relief should not be granted by crediting a petitioner's subjective version of his understanding of the plea bargain. *See Nichols v. Perini*, 818 F. 2d 554, 558-59 (6th Cir. 1987); *See also Doughty v. Grayson,* 397 F. Supp. 2d 867, 881-82 (E.D. Mich. 2005); *Hastings,* 194 F. Supp. 2d at 670.

As part of his second claim, petitioner alleges that trial counsel was ineffective for failing to move to withdraw the guilty plea at sentencing when the judge breached the *Cobbs* agreement and for failing to object to the scoring of OV 10 at the time of sentencing. In his third claim, petitioner contends that appellate counsel was ineffective for failing to present the issues raised by petitioner in his second claim on his direct appeal.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

Petitioner first contends that his trial counsel was ineffective for failing to object to the breach of the plea and sentencing bargain. Because this Court has already determined that the judge did not breach the terms of the plea or sentencing agreement, counsel did not have any basis upon which to advise petitioner to withdraw his plea and his failure to advise petitioner of his right to withdraw his plea of guilty or otherwise object to the alleged breach did not constitute ineffective assistance of counsel. *See United States v. Martin,* 45 Fed. Appx. 378, 381-82 (6th Cir. 2002).

Petitioner next argues that trial counsel was ineffective for failing to object to the scoring of OV 10 of the Michigan Sentencing Guidelines.

Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied it in that context with regards to reviewing federal convictions on direct appeal. *See United States v. Stevens*, 851 F. 2d 140, 145 (6th Cir. 1988).

Petitioner is unable to show that he was prejudiced by counsel's failure to object to the scoring of OV 10, because petitioner has failed to establish that his sentence would have been different had counsel objected to the scoring of this variable. Petitioner's appellate counsel filed a motion for re-sentencing, in which he challenged the scoring of OV 10. The trial judge denied the motion, ruling that OV 10 had been properly scored. (Tr. 1/4/09, p. 8). Petitioner's appellate counsel then filed an appeal, which challenged the scoring of OV 10. The Michigan Court of Appeals and the Michigan Supreme Court both denied petitioner leave to appeal.

Because the trial judge concluded that there was a factual basis for the scoring of the OV 10 under Michigan's Sentencing Guidelines, and the Michigan appellate courts upheld this ruling, petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. *See Coleman v. Curtin*, 425 Fed. Appx. 483, 485 (6th Cir. 2011). Petitioner has offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence, thus, he is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. *See Spencer v. Booker*, 254 Fed. Appx. 520, 525-26 (6th Cir. 2007). Because an objection to the scoring of the sentencing guidelines would have been futile, counsel was not ineffective for failing to object to the scoring of OV 10. *See Harris v. U.S.,* 204 F. 3d 681, 683 (6th Cir. 2000). Petitioner is not entitled to habeas relief on his second claim.

In his third claim, petitioner contends that appellate counsel was ineffective for failing to raise his second claim on his direct appeal.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). This Court has already determined that petitioner's second claim is without merit. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise

17

an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Because none of the issues raised by petitioner in his second claim can be shown to be meritorious, appellate counsel was not ineffective in his handling of petitioner's direct appeal. Petitioner is not entitled to habeas relief on his ineffective assistance of appellate counsel claim.

### C. The motion for the appointment of counsel.

Petitioner has also filed a motion for the appointment of counsel. The Court will deny petitioner's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Because petitioner's claims lack any merit, the Court will deny petitioner's request for the appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

### D. A certificate of appealability.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [3] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

---

[3] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

18

U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.

Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

### IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Latimer is not entitled to federal-habeas relief on the claims presented in her petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**. (Dkt. # 1).

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel (Dkt. # 3) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner will be granted leave to appeal *in forma pauperis.*

Dated: August 20, 2013

s/Arthur J. Tarnow
**HON. ARTHUR J. TARNOW**
UNITED STATES DISTRICT COURT

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 19, 2013 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 19, 2013: **Eugene Latimer.**

s/Michael E. Lang
Case Manager to
District Judge Arthur J. Tarnow
(313) 234-5182